**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KEITH KELLY YOUNG, et al. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1612 (GK) |
| LLOYD BRENT CLARK, et al. | ) |
| Defendants. | ) |

**ANSWER**

**First Defense**

The plaintiff Keith Kelly Young was contributorily negligent.

**Second Defense**

The plaintiff Keith Kelly Young had the last clear chance to avoid the accident.

**Third Defense**

The only proper defendant in a Federal Tort Claims Act case is the United States.

**Fourth Defense**

The defendants respond to the numbered paragraphs of the complaint as follows:

1. Admitted.

2. The defendants admit that on February 4, 2004, plaintiff Keith Kelly Young was operating his motorcycle in a westerly direction on E Street, N.W. in the District of Columbia

and that it collided with a vehicle operated by a Deputy United States Marshal (DUSM) Clark; that DUSM Clark made a left turn, that plaintiff Kelly Young's motorcycle hit the left front of DUSM Clark's vehicle, that the plaintiffs fell to the street on impact, that the DUSM Clark was cited for making an improper u-turn and that the plaintiff Kelly Young was not cited for any violation.  The defendants deny that DUSM Clark was negligent.  The defendants aver that the actions of plaintiff Kelly Young caused or contributed to the accident and that plaintiff Kelly Young had the last chance to avoid the accident.

    3.    Denied, except to admit that plaintiff Kelly Young sustained injuries as a result of the accident.  The defendants demand strict proof of the nature and extent of the injuries claimed.

    4.    Denied, except to admit that plaintiff Diane Young, sustained injuries as a result of the accident.  The defendants demand strict proof of the nature and extent of the injuries claimed.

    5.    Denied, except to note that the defendants have insufficient information to either admit or deny the marriage of the plaintiffs on November 18, 2005.

    6.    Denied.

    7.    Admitted.

    8.    Admitted.

    9.    The defendants admit that defendant Clark was employed

by the U.S. Marshals Service and acting within the scope of his employment at the time of the accident.  The remaining allegations of this paragraph are denied.  The defendants aver that the only proper defendant in an action under the Federal Tort Claims Act is the United States.

    10.  The allegations of Paragraph 10 are conclusions of law to which no response is necessary.  To the extent an answer is deemed necessary, they are denied.

    11.  Denied.

    12.  Denied.

    13.  Denied.

    14.  Denied.

    15.  Denied.

    16.  Denied.

    The remainder of the Complaint consists of plaintiffs' prayer for relief.  The defendants deny that the plaintiffs are entitled to the relief requested or to any relief whatsoever.

    Any allegation of the complaint not specifically admitted is denied.

    Under the Federal Tort Claims Act, the plaintiffs are not entitled to a jury trial as requested.

    Wherefore, it is respectfully requested that the Complaint be dismissed and that the Court grant such other relief as it deems appropriate.

        Respectfully submitted,

        __/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        __/s/_____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        __/s/_____
        DIANE M. SULLIVAN, D. C. BAR # 12765
        Assistant United States Attorney
        Judiciary Center Building
        555 Fourth Street, N.W.
        Room E4919
        Washington, D.C. 20530
        (202) 514-7205

Of Counsel:
JESSICA BORN
U.S. Marshals Service