IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
KEITH KELLY YOUNG, et al.     )
                              )
           Plaintiff,         )
                              )
     v.                       ) Civil Action No. 06-1612 (GK)
                              )
                              )
LLOYD BRENT CLARK, et al.     )
                              )
           Defendants.        )
                              )
_____)
```

**MOTION TO DISMISS AND TO SUBSTITUTE**

The defendants, pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure, move the Court to dismiss all defendants and substitute the United States as the sole defendant in accordance with 28 U.S.C. § 2679 (a)(b)(1).

In support of this motion, defendants submit the attached Memorandum of Points and Authorities and a Certification pursuant to 28 U.S.C. § 2679(d)(2).

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
KEITH KELLY YOUNG, et al.      )
                               )
            Plaintiff,         )
                               )
     v.                        ) Civil Action No. 06-1612 (GK)
                               )
                               )
LLOYD BRENT CLARK, et al.      )
                               )
            Defendants.        )
                               )
_____)
```

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO SUBSTITUTE**

**Introduction**

Plaintiffs, Keith Kelly Young and Diane R. Young, filed suit against Lloyd Brent Clark and the United States Marshals Service pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1671 et seq. Plaintiffs allege that the defendant Clark, an employee of the Marshals Service, acting within the scope of his employment, negligently caused an accident in which plaintiffs were involved (Complaint ¶¶ 1,2,7,8). Plaintiffs Keith Kelly Young and Diane Young demand judgment against the defendants individually and jointly in the amount of two million dollars ($2,000,000) and one million dollars ($1,000,000) respectively (Complaint, p. 4).

**ARGUMENT**

**I.   The Only Proper Defendant in a FTCA Case Is the United States**

The Complaint asserts the common law tort of negligence on

the part of an employee of the United States Marshals Service and seeks judgment against defendant Clark individually and the Marshals Service under the doctrine of respondeat superior. A certification, pursuant to 28 U.S.C. § 2679(d), is filed with this motion, substituting the United States as the sole defendant in place of the other defendants (See attached Certification of Rudolph Contreras).

The FTCA, 28 U.S.C. § 2679(b)(1) provides in pertinent part:

> The remedy against the United States provided by the sections 1346 (b) and 2672 of this title [28] for injury or loss of property or personal injury death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose acts or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee's estate is precluded without regard to when the act or omission occurred.

Section 2679(d)(1) of the same Title provides in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under provisions of this title and all references thereto, and the Untied States shall be substituted as the party defendant.

28 U.S.C. § 2679 (d)(1) (emphasis added).

Thus, where a certification, such as the one filed in this

action, has been made, a federal defendant is entitled to the immunity conferred by section 2679. United States v. Smith, 499 U.S. 160, 163 (1991); Brown v. Armstrong, 949 F.2d 1007, 1010 (8th Cir. 1991). The immunity is triggered when the Attorney General or his designee certifies that a federal employee has been sued for conduct occurring within the scope of their employment. Brown v. Armstrong, 949 F.2d at 1010. Agencies and individual employees cannot be sued under the FTCA. 28 U.S.C. § 2679(a)(b)(1); Richardson v. United States Department of Interior, 740 F.Supp. 15, 20 n. 10, 26 (D.D.C. 1990); Vanover v. Hartman, 77 F. Supp. 2d 91, 97 (D.D.C. 1999) aff'd. F. Supp. 28, 29 (D.D.C. 1990); Hagmeyer v. Department of Treasury, 647 F. Supp. 1300, 1304-1305 (D.D.C. 1986).

The effect of the statute is clear. Once the Attorney General or his designee certifies that an individually sued federal defendant was acting within the scope of his employment, the United States must be substituted as the exclusive defendant for all common law tort claims. Thus, the common law claim against the defendants in this action must be dismissed under Rule 12(b)(1) for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the United States should be substituted as the sole defendant and Lloyd Brent Clark and the United States Marshals Service should be dismissed.

3

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


Of Counsel:
JESSICA BORN
U.S. Marshals Service

4