IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____  )
                             )
KEITH KELLY YOUNG, et al.    )
                             )
           Plaintiff,        )
                             )
     v.                      ) Civil Action No. 06-1612 (GK)
                             )
                             )
UNITED STATES                )
                             )
           Defendant.¹       )
                             )
_____  )
```

**JOINT 16.3 REPORT**

**Plaintiffs' Statement of the Case**:

This is a case arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.. The plaintiffs, Keith Kelly Young and Diane R. Young, allege that an employee of the U.S. Marshals Service, acting within the scope of his employment, negligently made a left hand turn in front of the motorcycle on which the plaintiffs were riding causing their motorcycle to collide with the left front of the government vehicle. As a result of the negligence of the government driver the plaintiffs sustained serious and permanent injuries.

**Defendant's Statement of the Case:**

The defendant denies plaintiffs' allegations of negligence, denies it violated any laws or regulations, and denies that plaintiffs' alleged injuries resulted from any negligence of the

---

¹ The Court granted the motion to substitute the United States as the sole defendant (R. 4).

defendant. The defendant further asserts that plaintiffs' injuries, if any, resulted from the contributory negligence of the male plaintiff and his failure to take the last clear chance to avoid the accident. Further, the defendant denies the nature and extent of the injuries claimed and demands strict proof of the same

### Rule 16.3(c) Report

On December 15, 2006 and January 11, 12, 2007, counsel for the parties conferred pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and Local Rule 16.3. The following matters are addressed in the order set forth in Local Rule 16.3(c):

1.  **Dispositive Motions**: The parties do not believe that the case will be resolved by dispositive motion

2.  **Additional Parties; Amendment of Pleadings**: The parties do not anticipate amendment of the pleadings or adding additional parties. The parties shall attempt to agree upon and narrow the factual and legal issues prior to trial.

3.  **Assignment to Magistrate Judge**: The parties do not seek the assignment of the case to a Magistrate Judge for trial. However, the parties agree that the case should be assigned to a Magistrate Judge for mediation and discovery. The parties anticipate that some discovery may be necessary during the mediation process.

4.  **Settlement**: The parties hope to resolve this case by

2

settlement before trial.

    **5.**    **Alternative Dispute Resolution**: The parties believe the case should be referred to a Magistrate Judge for settlement discussions and discovery.

    **6.**    **Summary Judgment**:  The parties do not believe that this case will be disposed of by summary judgment

    **7.**    **Initial Disclosures**: The parties agree to waive initial disclosures.

    **8.**    **Discovery**: The parties propose that discovery be permitted during settlement discussions in order to aid the settlement process.  Due to the nature of this case and the number of treating physicians and experts involved, the parties suggest October 1, 2007 for the completion of discovery.

    **9.**    **Expert Witnesses**: Due to the fact that both plaintiffs are still being treated for injuries suffered in the accident and that some of these injuries manifested themselves only recently, the parties recommend the following schedule for the exchange of expert reports and depositions if required:

    - Plaintiffs' expert witness reports due July 1, 2007.

    - Defendant's rebuttal expert reports due August 15, 2007.

    **10.**    **Class Action**: N/A.

    **11.**    **Bifurcation**: The parties do not propose bifurcation.

    **12.**    **Pretrial**:  The parties propose that a pretrial conference be set after discovery has been completed at a date

convenient for the Court.

    13.  **Trial**: The parties agree that the trial date should not be set until the pretrial conference

    14.  **Other Matters**: None.

                                                  Respectfully submitted,

| | |
|---|---|
| __/s/_____ | ___/s/_____ |
| RAY L. HANNA, Esq. | JEFFREY A. TAYLOR, D.C. BAR # 498610 |
| D.C. Bar # 207779 | United States Attorney |
| 3413 ½ M Street, N.W. | |
| Washington, D.C. 20007 | |
| 202-296-7666 | |
| | |
| Attorney for Plaintiff | ___/s/_____ |
| | RUDOLPH CONTRERAS, D.C. BAR # 434122 |
| | Assistant United States Attorney |
| | |
| | ___/s/_____ |
| | DIANE M. SULLIVAN, D.C. Bar #12765 |
| | Assistant United States Attorney |
| | 555 4TH St., N.W., |
| | Room E4919 |
| | Washington, D.C.  20530 |
| | (202) 514-7205 |
| | |
| | Attorneys for Defendant |